*margin note:* 2D MUNICIPALITY v. DUNN.

---

## CITY OF NEW ORLEANS v. ELLIOTT.

The ordinance of the city of New Orleans imposing upon the proprietor one-third of the expense of paving the street in front of his property is constitutional.

*margin note:* 10 59 | 51 424 | 51 1920

APPEAL from the Second District Court of New Orleans, *Lea*, J.

G. B. *Duncan*, for plaintiff. *Murphy*, for defendant and appellant.

OGDEN, J. The constitutionality of an ordinance of the City Council imposing upon the front proprietors one-third of the expense of paving the streets, is drawn in question in the present case. The objection is that by Art. 123 of the Constitution of 1845, it is required that taxation shall be equal and uniform throughout the State and that this mode of taxation for the expenses of paving is not equal and uniform.

The ordinance embraces all the owners of property in front of which, the streets are required to be paved. As was said in the case of *Oakey* v. *Mayor et al.*, 1 L. R. 1. The tax falls alike on all who stand in the same situation and it is as uniform as any taxation in relation to the subject matter could well be.

We adhere to the opinion expressed in the case of Municipality No. Two

praying for the opening of Benton street.   9 Ann., 446, and which has been acted on in subsequent cases, that the constitutional provision in relation to taxation is the declaration of a principle of the organic law, which must necessarily apply to the exercise of that portion of the legislative power in relation to taxation which has been delegated by the Legislature to subordinate bodies.

That principle limiting the power of taxation is not violated by the ordinance in question.

It is therefore ordered, adjudged and decreed, that the judgment of the court below be affirmed with costs.

VOORHIES, J. and BUCHANAN, J., concurring.

SLIDELL, C. J.   The suit is for the recovery of one-third of the cost of paving a street in front of the defendant's property.

The contract for paving was made between the First Municipality and *Walter Welsh*, and contained the usual authorization to *Welsh* to collect from proprietors the one-third for which they would be liable under the ordinance.   Under this contract, *Welsh* would have been authorized to use the name of the municipality, and of the city, which by the new charter succeeded with its rights and obligations, to collect from proprietors.   *Welsh* transferred his contract to one *Moores*, he to *Birmingham*, and *Birmingham* to *Garity*, who did the paving.   It appears from the certificate of the City Surveyor, the proper officer, that the work thus done by *Garity* was approved.   This seems to me to imply an approval by the municipal government of the assignment of the contract and its incidents, one of which was a right on the part of the contractor to use the municipal name in collecting from the proprietors.   I concur with the District Judge in the opinion that this was not a case in which it was necessary under the statute of 1852, sec. 35, that the suit should be brought by the Assistant City Attorney.

The constitutionality of the ordinance imposing upon front proprietors this one-third of the expense of paving is disputed.   It is said to be repugnant to Art. 123 of the Constitution of 1845, which declares that "taxation shall be equal and uniform throughout the State."   It was repeatedly held by our predecessors that the clause in question was applicable only to State, and not to municipal taxes.   *Lafayette* v. *Cummins*, 3 Ann., 148.   *Duncan* v. *Second Municipality*, 2 Ann., 182.   I refer also to my opinion in the Benton street case.

I may add that for nearly thirty years this equitable contribution by front proprietors, who derive a special benefit from the improvement, has been enforced.   Experience and the general acquiescence for so long a time may be considered as demonstrating the reasonableness of the apportionment; and it would be a manifest injustice to the vast number of proprietors who have paid one-third of the costs of paving streets used by all the citizens, if others of their fellow-citizens, who have enjoyed a public benefit at the partial expense of front proprietors, should afterwards be permitted, when paving is done in front of their property, to escape a similar contribution.   It is just that the burden should fall on all who stand in the same situation.

I think the judgment should be affirmed with costs.

SPOFFORD, J.   I concur in the foregoing opinion of Mr. Chief Justice SLIDELL.