The opinion of the court was delivered by
Breaux, J.
The plaintiffs and appellees are owners of lands situated within the limits of the “ Caddo Levee District;” that district-embraces all that portion of the land subject to overflow in the parish of Caddo, within stated boundaries. The provisions of the act creating the district are similar to the other legislative acts creating levee districts for the protection of lands and property from destruction or damage by flood.
Lands and other property in the district are subject to taxation, local assessment and forced contribution, to raise fund for the purpose of the act.
The plaintiffs claim exemption from the levee taxes sought to be collected under the terms of the act, and assign for reason that their-lands are left out and are not protected by levees; that they receive no possible benefit, but positive injury, and that any tax, contribution or assessment imposed and levied are illegal and not within the powers of the levee commissioners.
They interpose objection to the assessment imposed under Sec. 6-of the act, and to the special assessment under Sec. 7.
The evidence shows that the levees at this time afford no protection to plaintiff’s lands; that they are between the levee and the-natural banks of the river; that they derive no benefit from the location and construction of the levees, but on the contrary are damaged ; that they are more exposed to overflow than prior to the construction of the levee built by the State, being part of the system of State levees in the parish of Caddo as located by State Engineers.
Adjudications upon the subject of local taxation for local improvement have been frequent.
As early as the ease of Yeatman vs. Crandall, 11 An. 220 — not the-first adjudication upon the subject — it was decided that the Legislature might lawfully erect any portion of the State it saw fit into a district for special local improvement and assess the cost exclusively upon the district.
One of the justices in that case yielded his opinion expressed in. several dissents and concurred with the court in holding that the-article in question and similar articles under the Constitution pre *1234 ■ceding, were not intended to apply to municipal or local taxation for improvements.
In the present decade also a number of adjudications have been made. In the last decided case there was an additional ground which is stated as follows:
“That the particular land of the plaintiff is subject to overflow, and is not protected by the levees built or proposed to be built; that it requires no such protection and can derive no possible benefit or advantage from the levees, and that, therefore, the assessments are a taxing of private property for public purposes without compensation.”
Passing upon the question, the court says that it is only where the assessment is manifestly unjust and oppressive that a court would be justified in overruling the legislative.judgment.
The Legislature necessarily has a large discretion on this subject.
In carrying out this scheme of leveeing it has defined the limits by following certain lines of lands subject to overflow.
It was not possible in defining these limits to consult personal interests or to except those lands not susceptible of receiving immediate benefit.
These acts creating levee districts embrace entire areas; if exceptions were made it would probably defeat the purpose in adopting the law.
Approximate or even remote equality would be an impossibility.
Certain lands must, in the nature of things, receive much greater benefit than others.
The exemption of certain lands from the operations of the law would defeat the legislative intent.
Judicial interposition becomes delicate and exceedingly difficult.
To interpose, it must be made manifest that the property is permanently and intentionally excluded from'all possible benefits.
We quote from Cooley on Constitutional Limitations, p. 509:
“ In many other cases, besides, the construction, improvement and repair of streets may, in special taxing districts, be created with a view to local improvements. The eases of drains to relieve swamps, marshes and other lowlands of their stagnant water, and of levees to prevent being overflowed by rivers, will at once suggest themselves. In providing for such cases, however, the Legislature exercises another power besides the power of taxation. On the theory *1235 that the drainage is for the sole purpose of benefiting the lands of individuals, it might be difficult to defend such legislation. But if the stagnant water comes to threaten disease it may be a nuisance, which, under its power oi police, the State would have authority to abate.”
The lands are included within the limits of the district.
The benefits of the levee system it is not the legislative intent to limit to particular lines.
If the lands adjacent are overflowed and uninhabitable, those of plaintiff’s must necessarily be valueless.
These considerations governed heretofore in a well considered case by a full bench.
The organ of the court in the case was the organ of the court in the first case decided under the present Constitution, i. e., - vs. Tax Collector, 39 An. 455.
After a number of intervening years the first decision was unanimously affirmed.
In the last, the Minor case (43 An. 337), the question of the extent of the interest was involved.
The doctrines laid down in that casé apply to the case at bar.
Public necessity demanded the adoption of a measure as a protection from overflow.
The taxes imposed and collected under, the measure adopted are not expended for the good of the few. It contributes to a system in which the whole State is interested.
Without levee districts and levee protection a large area of land would be uninhabitable.
The value of all lands within these districts would amount to little, if anything, whether within the limit of immediate protection or beyond.
In the general system of levees every land owner has an appreciable interest.
Plaintiffs in injunction also urge in their defence against the tax that thé Board of Levee Commissioners have located and constructed a levee on a navigable stream (so as to leave lands in front of the levee so constructed and between it and the navigable stream), it excludes these lands from the taxing district; that they become the banks, of which the lands thrown out become a part, the use of which is in the public, and not intended to be protected from overflow.
*1236 They refer to Art. 457, 0.0.
These lands are subject to a public servitude, which is well defined..
The ownership remains to the owner of the lands, and extends to the borders of the water.
They exercise all the rights of owners over the “ littoral” except those specially reserved in public interest.
The use in the public does not change the title, and render them, less subject to taxation.
It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed.
It is further ordered, adjudged and decreed that plaintiffs’ demand be rejected and dismissed; that their writ of injunction be dissolved and annulled; that plaintiffs pay the costs of both courts.