O’NIELL, J.
Defendant appeals from a judgment condemning him to pay a local assessment levied by the board of trustees of the city of Lafayette to pay the cost of sprinkling the streets.
The ordinance was enacted under authority of the city charter, Act 310 of 1914, § 4 (45), subd. (i), p. 645, viz.:
“The board of trustees * * * shall have full power to adopt all ordinances that may be deemed proper. * * *
“(i) To create sprinkling and sweeping districts for the sprinkling and' sweeping of streets, not less than a block, the costs thereof to be levied by special assessments in proportion to the foot frontage of each piece of property, in the proportion of one-fourth on the occupants of the abutting property aud one-fourth on the abutting property; the assessment to be due aud payable at times fixed by the board of trustees and shall be recorded in the recorder’s office, and the one-fourth assessed on the abutting property to operate as a lien and privilege thereon next after state, parish and municipal taxes and paving assessments; provided that no cost of sprinkling of street car tracks shall be assessed to abutting property or to the city or the occupants, the cost of sprinkling street car tracks to be chargeable to the street car companies under property city ordinances provided further that the privilege resulting from the registry of the assessment against .the abutting property shall be valid only for a term of three months preceding the date of enforced collection.”
Defendant owns a residence, which he occupies, and another building which is leased to a tenant, both in one of the sprinkling districts created ,by the ordinance in question. The assessment was levied at the rate of half of a cent per front foot on all property fronting on the streets within the district, per month, in the proportion of one-fourth of .the assessment on the occupants of the property so fronting on the streets within the district, and one-fourth on the property itself, on both sides of the streets.
Appellant contends that the ordinance is violative of the requirements of article 225 of the Constitution of this state, that taxation shall be equal and uniform throughout the territorial limits of the authority levying the tax and that all property shall be taxed in proportion to its value.
[1] It is too well settled to require citation of authority that the requirements of article 225 of the Constitution, that taxation shall be equal and uniform throughout the territorial limits of the authority levying the tax and that all property shall be taxed in proportion to its value, have no application or reference to local assessments or forced contributions imposed upon the theory of special benefit to the locality in which they are levied. The only question in that connection, therefore, is whether the sprinkling of streets is a legitimate purpose or object of such local assessment. In some jurisdictions the imposition of such assessments is held to be, and in. other jurisdictions it is held not to be, within the police power of municipal corporations. 28 Cyc. 1110; 19 R. C. L. p. 785, par. 91; Id. p. 809, par. 171.
There is no occasion for our deciding whether the authority to levy such an assessment is within the general police power of municipal corporations, because the authority has been specially conferred upon the city of Lafayette by statute.
Defendant contends that the ordinance *433 levying the local assessment in this case is arbitrary and discriminating, for two reasons, first, because it was levied without regard to the actual cost of the street sprinkling, and, second, because it does not provide for the sprinkling of all of the streets, or even for the sprinkling of those immediately outside of the sprinkling ‘districts. • Hence it is ■contended that the ordinance is an attempt to take private property without compensation and without due process of law.
[2-4] The evidence in this case shows that the sprinkling of the streets in the district in which defendant’s property is situated costs $22.49 more per month than the revenues from the assessment levied for that purpose amount to. There is therefore no merit in the complaint that the rate of assessment is excessive or out of proportion to.the actual cost.
Defendant’s complaint, that he is not benefited by the assessment, because the streets outside of the sprinkling district are not sprinkled, is founded upon the fact that his property is bounded in the rear by Stew■art street, which is not in a sprinkling district and is therefore not sprinkled, and is bounded in front by East Main street, which is in the district in which this assessment is levied. He complains of the dust that comes from Stewart street when the wind blows from that direction. The answer to the argument is that there must be some limit to a ■sprinkling district, and some inhabitants must be so -unfortunate as to be near the outer edge, and yet within, the district. If defendant’s complaint, that he is not benefited as much by the sprinkling of the street in front of his property as are those property owners who are nearer the center of the district, were well founded, it would' be impossible to establish a sprinkling district; for that complaint might as well be urged by inhabitants near the outer edge .of the district if it embraced the entire city. It is not essential to the validity of a local assessment, or forced contribution, imposed for street improvement, that all persons upon whom the assessment is levied shall be equally benefited. It is sufficient that the theory of special benefit to the locality in which such an assessment is levied shall be founded upon reason, and that the apportionment of the assessment shall have a reasonable foundation of fairness and equality, and be not arbitrary or discriminating. Our conclusion is that appellant’s complaints are not well founded.
The judgment appealed from is affirmed, at appellant's cost.
MONROE, O. J., and PROVOSTY, J., dissent.