(139 So. 642)

## NEW ORLEANS & N. E. R. CO. v. CITY OF NEW ORLEANS.

### No. 31402.

Jan. 4, 1932.

Rehearing Denied Feb. 1, 1932.

Monroe & Lemann and Nicholas Callan, all of New Orleans, for appellant.

Michel Provosty, City Atty., Francis P. Burns, and George D. Leahy, Asst. City Attys., all of New Orleans, for appellee.

ROGERS, J.

Plaintiff applied for an injunction to prohibit the city of New Orleans from enforcing by sale certain alleged excessive paving charges assessed against its property. The court below refused the injunction and dismissed the suit, and plaintiff has appealed from the judgment.

The issue involved in this suit is similar to the issue involved in the suit between the same parties which was decided on appeal by this court on February 3, 1930. See New Orleans & N. E. R. R. v. City of New Orleans, 169 La. 1103, 126 So. 673.

Plaintiff is the owner of certain property situated in squares 280, 281, 364, and 365. All these squares front on North Rampart street and on Press street, the intersecting street. Under a municipal ordinance plaintiff operates certain railroad tracks that cross North Rampart street in front of the squares. And, in accordance with its franchise obligations, plaintiff paved at its own expense the area lying between the rails and 2 feet on each side of the tracks.

In the year 1928 the municipal authorities entered into contracts for the installing of subsurface drains, footwalks, and concrete curbing, and for the paving of the roadway of North Rampart street from Almonaster avenue to France street, a distance of 16 blocks. The total linear distance on both sides of the street within the limits of the ordinance is 9,360.59 feet, including the entire frontage of the property owned by plaintiff. The aggregate cost of the paving "between" and "at" intersections was $66,639.59, or at the rate of $7.1191655 per front foot. The area previously paved by plaintiff was not included in the project, and the expense of such paving was not included in the cost of the work.

Plaintiff, as one of the abutting proprietors, was assessed at the rate above mentioned on its entire property frontage, including the area it had previously paved and 2 feet lying in front of each of the squares 280 and 365, which was not paved, because the space was occupied by the wide rails of a track crossing the street and used by plaintiff in operating a traveling crane.

This suit resulted from the reservation made in the opinion of this court (169 La. 1109, 126 So. 673) in the prior suit between the parties, involving St. Claude avenue, which parallels North Rampart street. The reservation was of any decision on the question of whether on a proper showing plaintiff would have been relieved of paying the cost of paving the street between intersections in the proportion that the frontage of the area paved by it bore to the cost of the entire paving project.

The area not paved by the municipality and used by it in assessing plaintiff for its proportion of the cost of the paving work has a frontage of 59.32 feet on each side of North Rampart street. The validity of this assessment is what plaintiff is contesting in this suit so far as it applies to the expense of paving the street between intersections, but not so far as it applies to the cost of paving the intersection at Press street.

It is specifically agreed between the parties litigant, in the event plaintiff should be relieved of the cost of the paving between intersections which it is contesting, that the paving bills charged against plaintiff can be recast by the municipality, so as to eliminate the disputed items; and the manner in which this can be done is set forth in detail in the record.

The question presented for decision involves the interpretation of the pertinent provision of section 45 of Act No. 346 of 1926, p. 697, amending section 45 of Act No. 159 of 1912 and its prior amendments, under which the assessment against plaintiff was made.

Paragraph (a) of section 45 of the legislative act deals with the apportionment of the original cost of paving roadways, and provides, in part, that the entire cost of such paving between intersections "shall be equally apportioned on the basis of foot frontage, and shall be borne by the owners of the real

property abutting on the street or portion which shall have been paved."

Plaintiff argues for the strict construction of the statute, and contends that under its terms no property owner can be assessed except for the frontage which actually abuts the paving; hence, that part of its property which fronts on the portion of the street that was paved prior to the execution of the general paving project cannot be regarded as abutting the street, and is exempt from the operation of the "front foot rule" of apportionment provided by the statute.

We do not think plaintiff's contention is well founded. As we said in the prior case between the parties at page 1107 of 169 La., 126 So. 673, 674, in referring to the provisions of the acts of 1921 and 1924 (Act No. 105 of 1921, Ex. Sess.; Act No. 191 of 1924), which were reproduced in the act of 1926: "These provisions appear to us plain and unambiguous. The total cost of paving between intersections is required to be apportioned on the basis of foot frontage on the street paved without regard to the depth of the lot or square, and this total cost is to be borne by the abutting owners." And at pages 1108 and 1109 (of 169 La., 126 So. 673, 675) of the same opinion we said: "The expressed purpose of the statute was to require all abutting

owners without exception to bear their proportion of paving between intersections," etc.

Plaintiff in paving the area between its tracks and 2 feet on each side of its tracks was only discharging a contractual obligation for which it received a valuable consideration. This paving, when it became incorporated with the work performed under the general paving project, was as much of an improvement to the street within the designated limits as any paving contracted for by the municipality, although this particular portion of the paving was done without cost to the abutting property owners.

The plaintiff, as an owner of property situated within the limits of the paving project, enjoys as much benefit from the improvement to the street as does any other owner of property within the same territorial limits. If plaintiff were relieved of its proportion of the expense of paving the street between intersections, it would, to that extent, impose the burden of the expense on the other front proprietors subject to the local assessment. We do not think this would be an equitable method of apportioning the cost of paving the street among the property owners; and, in our opinion, it would be contrary to the method pointed out in the legislative act.

For the reasons assigned, the judgment appealed from is affirmed.