173 So. 179

**STATE ex rel. IDEAL SAVINGS & HOMESTEAD ASS'N v. CITY OF NEW ORLEANS et al.**

No. 34017.

Feb. 1, 1937.

Rehearing Denied March 1, 1937.

Pierre D. Olivier, George E. Konrad, and H. W. & H. M. Robinson, all of New Orleans, for appellant.

E. M. Robbert, City Atty., and Henry B. Curtis, Asst. City Atty., both of New Orleans, for appellees.

ODOM, Justice.

The plaintiff, a building and loan association, alleged that it was the owner of a triangular piece of ground in the City of New Orleans with improvements thereon, bounded by Hamilton, Last, and Quince streets, which it acquired by dation en paiement from Edwin E. Crozat on July 16, 1934; that Crozat had acquired the property from plaintiff on July 16, 1918, for the price of $5,000, secured by a mortgage payable in installments; that Crozat failed to pay the installments—hence the dation from Crozat to plaintiff in 1934.

It is alleged that while Crozat owned the property, the City of New Orleans paved each of the streets adjacent to the property at a cost exceeding the value of the lot and its improvements, assessed the costs against the property, recorded the ordinances providing for the pavement, and issued certificates maturing over a series of years, including the years 1930, 1931, and 1932; that the certificates for those years have not been paid, but are prescribed under the terms of Act No. 46 of 1918.

It is further alleged that the ordinances of the City of New Orleans providing for the pavement of said streets, which ordinances under the city charter create a lien against the property superior in rank to all other liens, are unconstitutional and void, being in contravention of the Fifth and Fourteenth Amendments of the Federal Constitution and of section 2, art. 1, of the Constitution of this state, in that the effect of said ordinances, which create liens on the property exceeding its value, is to take plaintiff's property without due process of law.

It is alleged that unless restrained the city will enforce the paving liens. Plaintiff prayed that the city and the recorder of mortgages be cited and that after hearing there be judgment "maintaining the plea of prescription herein and decreeing the paving and sub-surface drainage taxes aggregating $11343.94 recorded against

Relator's property * * * null and void, and forever enjoining said defendants from claiming same; and ordering the city of New Orleans and the Recorder of Mortgages, aforesaid, to cancel and erase" from the records the inscription of the said liens.

The city and the recorder of mortgages filed exceptions of no cause of action, which were sustained, and the plaintiff appealed.

### On the Plea of Prescription.

Act No. 46 of 1918 is a general statute relating to the prescription of paving liens. Section 1 of this act provides that claims, liens, and privileges for paving streets, alleys, and sidewalks shall prescribe by ten years from the date of the certificates or other evidences of such claims, and it is provided:

"That in all cases where the cost of the paving shall have been advanced by any Parish, City or Town, to be refunded in annual installments in accordance with existing laws, the claims, liens and privileges shall prescribe in the same manner as now provided by the Constitution and laws of this State for the prescription of taxes, tax liens, and privileges, provided that the provisions of this act shall not take effect until the first day of January, 1919."

Section 2 of the act repeals all laws or parts of laws contrary to or in conflict with the provisions of the act.

Section 19, art. 19, of the Constitution of 1921 provides that "tax liens, mortgages and privileges shall lapse in three years from the 31st day of December in the year

in which the taxes are levied, and whether now or hereafter recorded."

It is conceded that the amount for this paving was advanced by the City of New Orleans and that the city now holds and owns said paving certificates. It is plaintiff's contention that the paving certificates which fell due in the years 1930, 1931, and 1932 are prescribed under the above provision of the Constitution, because the act of 1918 says that such paving certificates are prescribed in the same manner now provided for the prescription of liens for taxes.

The specific question raised by plaintiff is whether the act of 1918 repeals the provisions of the city charter relative to the prescription of paving liens.

The charter of the City of New Orleans is a special act of the Legislature. The city was granted a new charter by the Legislature in 1912, Act No. 159. Section 42 of that act relates to paving and the liens securing the cost thereof, and recites, among other things, that the owner of property abutting on streets paved under ordinances adopted by the city shall have the right to pay the amount thereof in cash, but that in case the amount for the paving is not paid in cash, but is to be paid in annual installments, such installments shall bear a lien upon the property for the amount of the pavement, and that:

"The lien on such property shall remain in force for the amounts due for principal and interest, including costs of court, if any, for collecting, *until final payment has been made.*" (Italics ours.)

Certain sections of Act No. 159 of 1912 were amended by Act No. 105, Extra Session of 1921, section 48 of the latter act (page 225) especially providing that the lien and privilege for paving "shall be superior to vendor's lien and any other privileges or mortgages, and shall remain in force for the amount due, in principal and interest, including costs of court, if any, for collecting, *until final payment has been made.*" (Italics ours.)

The city charter was again amended by Act No. 346 of 1926. Section 48 of the latter act (page 705) provides, among other things, that the lien for such pavement shall be superior to vendor's lien and all other privileges and mortgages, and:

"Shall remain in full force for the amount due, in principal and interest, including costs of court, if any, for collecting, *until full and final payment of the assessment has been made.*" (Italics ours.)

Act No. 338 of 1936, which amends and re-enacts many of the provisions of Act No. 159 of 1912, and the numerous amendments thereof, provides in section 48 (page 844) that the liens for pavement, from the date on which the statement or statements of assessments are filed in the mortgage office,

"Shall act, in rem, as a first lien and privilege on each specific lot or portion of real property therein assessed. Such lien and privilege shall be superior to any pre-existing or subsequent vendor's lien, privilege or mortgage and shall remain in full force for the amount due in principal and interest, including court costs, if any, for collecting, *until full and final payment of*

*the assessment has been made.*" (Italics ours.)

■ In the case of Kearns et al. v. City of New Orleans, 160 So. 470, the Court of Appeal of the parish of Orleans decided the identical question raised by plaintiff in the case at bar. It was held in that case that Act No. 46 of 1918 did not repeal the provisions of the city charter with reference to the duration of paving liens. Plaintiff in that case made application to this court for writs, which we refused on the ground that the ruling of the Court of Appeal was correct. We have further considered the ruling of the court in that case and are convinced that the court did not err in its holding. The reasons given for its ruling are sound and we approve them.

The act on which plaintiff relies in support of its plea of prescription was adopted six years after a complete charter was granted to the city by Act No. 159 of 1912. The fact that the city charter, with specific references to paving, paving liens, and their duration, has been amended three times since the adoption of Act No. 46 of 1918, once in 1921, once in 1926, and again in 1936, in each of which amendments the Legislature reiterated the statement in the charter of 1912 that these paving liens should continue to exist until full and final payment, shows unmistakably that the Legislature has never intended that these paving liens should prescribe in three years, as contended by counsel for plaintiff.

■ In the Kearns Case, supra, the court cited numerous authorities holding that city charters granted by special acts

of the Legislature are special laws set apart from the general body of the laws of the state, and that their provisions are not repealed by a general statute unless the intent to repeal is clear and unmistakable. In line with the Kearns Case in this respect is the case of City of Bogalusa v. Gullotta, 181 La. 159, 159 So. 309.

### Constitutionality of the Ordinances.

■ Plaintiff contends that the ordinances are unconstitutional in that the amount of tax liens assessed against the property exceed the actual value of the property itself, and, therefore, that if the property be sold to collect the assessments against it, such sale would amount to the taking of private property for public purposes without due process of law.

We find it unnecessary to discuss this point for the reason that the identical question was raised and decided in the case of Donaldson's Heirs v. City of New Orleans, 166 La. 1059, 118 So. 134, 136.

In that case as in this, the property was triangular in shape, and it was admitted that it was worth not more than $1,500 and that the assessments for paving levied against it exceeded $3,000. In that case this court said:

"It is contended that this constitutes a taking of private property for public use without compensation, contrary to the provisions of the Fourteenth Amendment to the Constitution of the United States, forbidding a state to deprive any person of his property without due process of law. And plaintiffs rely on Norwood v. Baker, 172 U.S. 269, 19 S.Ct. 187, 43 L.Ed. 443."

In the Donaldson Case, not only did the plaintiff present the identical question here presented, but relied upon the same case of Norwood v. Baker in support of the contention. In disposing of the issues there raised, this court said:

"But in a series of nine cases the majority of the Supreme Court [referring to the Supreme Court of the United States] held that the apportionment of the entire cost of a street pavement upon the abutting lots according to their frontage and without inquiry as to benefits will not constitute a taking of private property without due process of law."

The court then cited the cases referred to and said further:

"And that rule has been followed by this court ever since as being the settled jurisprudence of this state and of the Supreme Court of the United States." Citing numerous cases.

■ The city is charging 10 per cent. on the amount due as penalty for delinquency. Plaintiff objects to this charge and says that there is no warrant in law for such a charge. He is mistaken, because section 37, Act No. 159 of 1912, provides that where regular city taxes are not paid when due "there shall be and is hereby imposed an interest penalty of ten per cent. per annum on the amount of the tax due, which shall be collected by the city, together with and in the same manner as the tax."

Section 48 of Act No. 105 of 1921, Ex. Sess. (page 225), which amends the city charter, provides that if the paving certificates are not paid when due, they "shall

be collected in the manner fixed by law for the collection of regular city taxes, *subject to the same penalties for delinquency."* (Italics ours.) The same provision with reference to penalties for delinquency is found in section 48, Act No. 346 of 1926 (page 705).

Counsel for plaintiff argued that inasmuch as section 46, Act No. 105 of 1921, Ex.Sess. (page 222), provides for the payment of interest on *deferred* payments at the same rate as that borne by the certificates themselves, which in this case is 4½ per cent., this rate of interest is the only penalty which may be charged against the property owner where the certificates are not paid when due.

The charter provides that property owners may pay the paving bills in cash or in installments, and in case the payment is made in installments the deferred payments shall bear interest not exceeding a certain amount. The 4½ per cent. interest which counsel mentions in his brief refers to the interest on the deferred payments, which are made payable on a certain date. When these deferred payments reach their maturity dates, if not paid on this date, they become "delinquent," and under the terms of the act they, like delinquent taxes, become subject to a penalty of 10 per cent. The imposition by the city of this penalty for delinquency is clearly authorized by the statutes.

Counsel for plaintiff argues that the penalty for delinquency may be charged only in case it becomes necessary for the city to resort to legal proceeding for the collection of the amounts due. We find no merit in this argument.

The judgment of the lower court sustaining exception of no cause of action is correct and is therefore affirmed.