(132 So. 355)

**CITY OF. MONROE et al. v. ALLEN.**

**SAME v. SNELLING.**

**Nos. 29447, 29448.**

Jan. 5, 1931.

Munholland & Munholland and Hudson, Potts, Bernstein & Sholars, all of Monroe, for appellants.

H. H. Russell, City Atty., and Theus, Grisham, Davis & Leigh, all of Monroe, for appellees.

LAND, J.

The above cases have been consolidated for trial, as the issues involved in each are similar.

In these suits Marion M. Baker, assignee and pledgee of the Deas Paving Company, and the city of Monroe, as a nominal plaintiff, are seeking to recover of W. E. Allen the sum of $1,817.38, with 8 per cent. per annum interest from September 9, 1924, and of Mrs. Satchie B. Snelling the sum of $2,035.65, with 8 per cent. per annum interest from same date, as the pro rata due by each of these defendants for paving done in front of their respective properties abutting on Front street in the city of Monroe, between its intersection with Pine street and its intersection with Forsythe avenue.

Judgment was rendered in favor of plaintiffs in each of these cases for the full amount claimed, with 8 per cent. per annum interest from September 9, 1924, until paid, and 10 per cent. attorney's fees, and all costs of suit.

Plaintiffs' lien and privilege was also recognized as superior to all other liens and incumbrances, except state, parish, and city taxes, and rendered executory upon the respective abutting properties of defendants.

From these judgments defendants have appealed.

Defendants have filed in this court exceptions of no right or cause of action and pleas of estoppel.

■■ The contention of defendants is that, since Marion M. Baker alleged in his petition that he is transferee and owner of the debt sued upon, the city of Monroe, plaintiff-appellee, is without interest as party plaintiff in this suit, and cannot stand in judgment, and is estopped from asserting or claiming an interest to stand in judgment.

The city of Monroe is merely a nominal party to each of these suits and, as expressly declared in the suit against the defendant Allen, is suing only "for the benefit of the second named petitioner," Marion M. Baker.

In the assignment and transfer from the Deas Paving Company to Marion M. Baker, that company pledged to Baker the accounts and amount due it by the city of Monroe and the property owners on Front street from Pine street to Forsythe avenue, and the city of Monroe acknowledged notice of this pledge and agreed to the payment of the funds designated in the transfer to the trustee, the City Savings Bank & Trust Company of Shreveport, La., as the funds and certificates came into its possession.

Under the circumstances, the city of Monroe had, unquestionably, the right to sue for the benefit of Baker, transferee and pledgee of the Deas Paving Company. Besides, the defendant in an action, brought for the benefit of another, may plead any defenses he

may have against either the nominal or real plaintiff. Reynolds v. Feliciana Steamboat Co., 1 Rob. 394.

The exceptions of no right or cause of action and pleas of estoppel are therefore overruled.

In May, 1924, the following petition was presented to the city council of the city of Monroe:

"We, the undersigned owners of property abutting on Front Street, between its intersection with Pine Street and its intersection with Forsythe Avenue Street, being more in number of property owners, owning a larger proportion in amount of assessed valuation of abutting property, and owning a larger proportion in front footage of abutting property, than is required under the terms of the various laws of Louisiana providing for street paving, do hereby petition that said Front Street, between the limits aforesaid, be paved with sheet asphalt pavement on existing gravel base.

"We further petition that, of the total cost of such improvement, the owners of railway tracks occupying a portion of said Street (other than the Municipal Street Railway of the City of Monroe) pay for paving the space occupied by said tracks and the extra work made necessary by the presence of such tracks; that the City of Monroe pay for the extra work made necessary by the presence of any of its street railway tracks; that the City of Monroe pay the proportion of the remaining cost that the net area of street intersections bears to the total area paved; and the balance of the entire cost be assessed against and paid by the owners of abutting property in proportion to the number of front feet owned, the work to be done under the provisions of any of the laws of the State of

Louisiana providing for street paving found by your Honorable body to be most suitable."

This petition was signed by twenty-eight resident taxpayers, but was not signed by either of the defendants in these consolidated cases.

The record discloses that the petition was presented to the governing authorities of the city of Monroe; that it was accepted after it had been checked by the city engineer, and it was ascertained that the signers owned more than 60 per cent. of the abutting property both in lineal feet and assessment; that Ordinance No. 2420 was adopted on June 9, 1924, ordering the paving of Front street between its intersection with Pine street and its intersection with Forsythe avenue; that bids were duly and regularly advertised for this street improvement; that on June 25, 1924 the contract was let to the Deas Paving Company, the lowest bidder, to do the work, and was duly decorded in the mortgage records of Ouachita parish.

The record further discloses that the Deas Paving Company constructed and completed the pavement in accordance with the contract and the specifications prescribed by the city engineer; that on August 29, 1924, the city council of the city of Monroe adopted Ordinance No. 2430, accepting the paving of Front street between the limits aforesaid, distributing the cost of such improvement, and making and levying an assessment against the property abutting on said street, between said limits, for the proportionate share of the cost of such improvement; and that, for the purpose of preserving the lien and privilege granted the city of Monroe and its transferees by law to secure this indebtedness, Ordinance No. 2430 was duly recorded in the mortgage records of Ouachita parish.

The total cost of paving Front street, between the limits aforesaid, amounted to $36,-609.96. None of the street railways in the city of Monroe was affected by this paving. Of this amount the city of Monroe paid $3,-180.38, being the cost of the proportion of the total area of Front street constituted by the net area of the street intersections. The balance of the entire cost, $33,429.58, was assessed against the properties abutting on Front street, between said limits, and the owners thereof in proportion to the number of front feet owned by each. There were 11,261.59 lineal feet of the property abutting on Front street between said limits, and assessment was made at the rate of $2.9685 per front foot, as shown by Ordinance No. 2430.

The evidence and the title of W. E. Allen show that this defendant has a total abutting frontage on Front street, between said limits, of 612.22 feet, and that he is therefore indebted to petitioners in the sum of $1,817.38.

The evidence and the deed of Mrs. Satchie B. Snelling also show that this defendant has a total abutting frontage on Front street, between said limits, of 685.75 feet, and that she is indebted to petitioners in the sum of $2,-035.65.

There were forty-five abutting property owners, all of whom have paid their assessments except seven, and the present suits and five others were filed against these owners by the city of Monroe, and the assignee and pledgee of the contractor.

It is provided in Act No. 25 of 1916, amending Act No. 210 of 1914, § 2, that: "Upon the petition of property owners, *representing more than one half (½) in number and amount of assessed valuation of the property abutting upon any given street* or alley or portion thereof, not less than one (1) block to be improved, the governing authority of the Municipality may order said street, alley or portion thereof, to be paved, graveled, macadam-

ized, resurfaced, repaired, or otherwise improved *as set forth in said petition, and the cost thereof shall be apportioned as follows,*

"A. In the event a railway bed or track other than one Municipally owned, occupies a portion of the street or alley, the owner thereof shall pay of the total cost of the work, the proportion that the area occupied by the road-bed bears to the total area of the street or alley to be improved.

"B. The Municipal corporation shall pay of the total cost, the proportion that the net area of the intersection bears to the total area of the street or alley to be improved. In the event a Municipally owned Railway be on the street or alley, it shall pay in addition, only for the cost of the extra work made necessary by the presence of the track in the street or alley to be improved.

"C. The abutting property owners shall pay for the balance of the cost of the paving or other improvement as herein provided in proportion *to the respective frontages of the properties owned by them.*"

Act No. 27 of 1915 (Ex. Sess.) § 1, as amended by Act No. 107 of 1916, provides *an additional means* of paving, and grants the municipal authorities "upon the written petition of *not less than sixty per cent. of the resident abutting real estate owners in number and assessed valuation* of the street or alley, or portion thereof, to be improved," the power to pave or otherwise improve the streets and alleys or any part thereof.

█ Under the facts already recited, both of the above statutes were strictly complied with by the governing authorities of the city of Monroe, as to the percentage in number and amount of assessed valuation, and as to the respective frontages of the properties of abutting owners.

Some of the abutting proprietors on the east of Front street signed the petition for the

frontage actually owned by them on the east side of the street only, and complain bitterly because the city of Monroe added to this the actual frontage owned by these abutting proprietors on the west side of Front street, which parallels the Ouachita river on the east side, and is usually spoken of as river front. The lots extend from points east of Front street to the river bed.

The part of Front street involved in this litigation begins at Pine street and extends to Forsythe avenue, and lies along the riparian front, all residences being on the east side of the street. The municipal railway enters Front street at Louisville avenue and extends along the riparian front north 5,292 feet. This railway extends over and across the property of the riparian owners and parallels the street the whole distance.

The municipality, in addition to its use of this ground for its electric railway and necessary trolley poles, uses it also for its electric wires, and has been so doing since 1906.

Defendants contend that the municipality is a usufructary of the property on the riparian side of Front street, and should bear the whole burden of the paving on that side of the street, although this property is owned by abutting proprietors on the east side of the street.

We do not concur in this view of the matter. At most, it may be said that the municipality is exercising a mere servitude of right of way, which does not subject it to the duty of paying for paving on the west side of Front street. The abutting owners alone on that side of the street are responsible for the improvement according to their frontages, as their property has received the benefit of the paving.

█ It is neither fraud nor sharp practice for the city of Monroe to allot to the abutting

owners, who signed the petition for paving, the actual frontage which each owns. The law does not contemplate that the signers of such petitions shall designate, opposite their signatures, their frontages on the street to be paved, as this is a matter to be determined properly by the titles of such petitioners. Signers of paving petitions are liable for the full extent of the frontages owned by them, which are benefited by the improvement.

Each of the judgments appealed from provides for attorney's fees of 10 per cent. of the amount of the principal and interest It is conceded that neither of the paving acts relied upon permits recovery of such fees.

It is therefore ordered that each of the judgments appealed from in these consolidated cases be amended by striking out the award of attorney's fees, and that each of said judgments, as amended, be affirmed.

It is further ordered that plaintiffs, appellees, pay the cost of appeal, and that defendants pay the costs of the lower court.