CITY OF JOHNSON CITY, COMPLAINANT, APPELLEE, *v.*
CAROLINA, CLINCHFIELD & OHIO RAILWAY COMPANY,
DEFENDANT, APPELLANT.

(*Knoxville,* September Term, 1931.)

Opinion filed November 14, 1931.

Geo. N. Barnes and Jack Chalkley, for complainant, appellee.

Cox, Taylor & Epps and J. J. McLaughlin, for defendant, appellant.

Mr. Justice McKinney delivered the opinion of the Court.

The bill was filed to enforce a lien for assessments for street improvements. The defense interposed by the railway company was that its property was not benefited by the assessments. The cause was tried upon a written stipulation of facts. The chancellor found as a fact that the property was benefited, and further held that since the railway company did not avail itself of the method provided by the act for protesting the assessments it could not now be heard to say that it received no benefit. A decree was entered against the railway company for $1171.50, which includes interest and attorneys' fees.

Pursuant to chapter 276 of the Private Acts of 1907, as amended by chapter 88, Private Acts of 1917, the city

created two improvement districts, which included certain portions of the railroad right of way, for the purpose of paving Tennessee Street. The railroad right of way at this point is 200 feet in width and runs east and west. Tennessee Street crosses it at right angles. Five tracks of the railway company, upon which its trains run, occupy 50 feet in the center of the right of way. On each side of the tracks there are 75 feet of the right of way which is vacant property and used for no purpose. This vacant property, which abuts on both sides of Tennessee Street, was included in the improvement districts and was assessed.

It is stipulated that all of the provisions of the statute were complied with by the city, including notice by publication to property owners within the districts, and that the railway company did not appear or offer any protest. It is further stipulated that if there is liability, the amounts assessed are correct.

It is now well settled that a railroad right of way may be assessed for paving purposes, provided it is benefited by the improvement. *City of Alcoa* v. *L. & N. R. Co.*, 152 Tenn., 202; *City of Rockwood* v. *C., etc., Ry. Co.*, 160 Tenn., 31; 44 Corpus Juris, 527.

As to whether a particular piece of property will be benefited by a proposed improvement is a question of fact. 44 Corpus Juris, 581.

The statute under which these assessments were made provides that notice by publication shall be given owners as to when the assessments will be made, at which time they may show cause why the list and value made and fixed by said commissioners shall not be confirmed and made final by said legislative body, ''and at the same time such person, persons, or corporation, shall have the

right to show that the assessment to be levied against any lot or parcel of land will exceed the benefits arising from said improvement, and in the event such objection is not then made, such question shall be forever fixed and determined and no abutting owner may thereafter be heard to object.''

The authorities hold without exception that notice by publication is sufficient when made in compliance with the statute. 44 Corpus Juris, 251.

In *Birmingham* v. *Wills* (Ala.), Ann. Cas., 1915B, 750-751, it is said:

''Our case of *Woodlawn* v. *Durham,* 162 Ala., 565, 50 So. 356, sustains the principle of our conclusion in the instant case. It seems to go much further, for in the charter of Woodlawn there was no express provision for an estoppel. The case holds that, in an action by the city by independent bill in equity to enforce the lien of an assessment levied under that charter, the property owner, after failing to appear upon due notice before the council sitting for the confirmation of assessments, cannot in defense of the action litigate the questions whether the improvement was well done, or done in accordance with the specifications and contract between the city and the contractors, or in accordance with the charter and ordinance provisions, or that the work done was of no benefit to his property.''

In 44 Corpus Juris, 695, it is said: ''It has also been held that, where a statute provides a remedy by objections before the council, a property owner who fails to avail himself of this remedy is thereafter estopped from attacking the assessment collaterally; and for even stronger reasons is the property owner estopped from attacking an assessment collaterally, by failing to object

thereto as provided by statute, where the statute expressly declares that a failure so to object shall constitute a consent to the assessment.''

See also the universal rule stated in 44 Corpus Juris, 686.

This rule of procedure is not only supported by the authorities, but it is reasonable and just.

 In this particular cause the city authorities were of the opinion that the property of the railway company would be benefited by the improvement and included it in the paving districts. The railway company was legally notified of the fact and given an opportunity to appear and object, but it offered no protest, and the city quite naturally assumed that it was acquiescing in the assessments. If of the opinion that its property would not be benefited, the railway company should have appeared and protested, and after a hearing, if dissatisfied with the action of the city, it could have had the matter reviewed on *certiorari* by the circuit court. *City of Nashville* v. *Land Co.*, 155 Tenn., 388; 44 Corpus Juris, 742.

Under the city plan each piece of property within the districts is supposed to bear its proportionate part of the cost of the improvement, and when, after the cost is apportioned and the assessment made, one of the owners succeeds in avoiding paying the assessment against his property, it upsets the scheme and plan under which the improvement was made. We feel constrained therefore to hold, as the chancellor did, that defendant cannot now be heard to say that its property was not benefited by the improvement.

This question was not raised in the Alcoa case. There it was conceded that the right of way was not benefited, and counsel submitted the case upon the single question

of law as to whether, "Is defendant's right of way, upon which its tracks are located, and which is used exclusively for its tracks and the passage of its trains, subject to a special assessment for local improvements?" In the cause under consideration the city did not assess the "right of way upon which its tracks are located," but assessed that part of the right of way which was vacant and not in use.

The railway company also assigns error on the action of the court in rendering a money judgment against it. This was error, and the decree will be modified so as to decree a lien on the property and its sale under the provision of the statute. The chancellor was likely misled by the fact that in the opinion in *City of Rockwood* v. *C., etc., Ry. Co., supra,* a money decree was ordered. In response to a petition to rehear in that case an opinion was filed, which was not published, in which it was stated that the directing of a personal money decree was an inadvertence, and the decree was accordingly corrected. In *City of South Fulton* v. *Parker,* 160 Tenn., 634, it was held that there was an implied obligation to pay a local assessment which the legislature has expressly authorized, but for the collection of which it has failed to provide a mode of procedure. In the instant cause a mode of procedure was provided by the legislature, and must be followed.

With the modification ordered herein, the decree of the chancellor will be affirmed with costs.