(No. 27008.—Cause transferred.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BRUCE BORRELLI, Plaintiff in Error.

*Opinion filed March 16, 1943—Rehearing denied May 14, 1943.*

WM. SCOTT STEWART, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, RICHARD B. AUSTIN, and ALEXANDER J. NAPOLI, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

Plaintiff in error, Bruce Borrelli, was indicted in three cases in the criminal court of Cook county. In one case he was charged with conspiracy to injure certain employees of the Keeshin Motor Express Company. In another he was charged with conspiracy to injure one Gottlieb and one Roe. In the third case he was charged with an assault with intent to commit mayhem as to Gottlieb. Borrelli waived a jury, and after the testimony was heard in the first case, the other two cases were consolidated and submitted upon the testimony previously taken in the first case, insofar as the same was applicable. Additional proofs were taken

relating to the assault upon Gottlieb and Roe. The court found the plaintiff in error guilty in the first case and sentenced him to one year in jail. In the second case the court found Borrelli guilty of conspiracy and sentenced him to one year in jail and to pay a fine of $1000. This sentence was made to run after the first one was served. Borrelli was found not guilty in the third case as to the mayhem charge.

The plaintiff in error brings the case directly to this court on writ of error contending that no conviction could have been obtained except for the admission of his confession in evidence; that such confession was not voluntary and the use of an involuntary confession in evidence caused the court to lose jurisdiction and deprived plaintiff in error of due process of law as guaranteed by the fourteenth amendment to the constitution of the United States.

It is necessary for the court to first determine whether it has jurisdiction on direct writ of error. It is conceded that the crime of which the plaintiff in error was found guilty is a misdemeanor and his writ of error should have been sued out of the Appellate Court, unless a constitutional question is so directly involved as to give jurisdiction to this court on review.

This court has held that, "while an officer is frequently justified in subjecting a prisoner to a lengthy and vigorous examination for the purpose of satisfying himself of the guilt of the accused or for the purpose of getting information which would lead to the discovery of crime, whether information thus elicited is a voluntary confession must depend upon the facts of each case." (*People* v. *Vinci,* 295 Ill. 419.) While the court has the power to pass upon the question as to whether or not a confession was freely and voluntarily given depending upon the facts in the particular case, the admission in evidence of a confession claimed by a defendant to be involuntary, does not necessarily raise a constitutional question. The fact that the court in the

instant case may have ruled erroneously on the admissibility of the confession of plaintiff in error does not show that a question involving due process of law has arisen, and we are unable to see where a debatable constitutional question has directly arisen in this case.

The cases relied upon by plaintiff in error to show that his trial was wanting in due process are widely distinguished from the present case. In *Brown* v. *Mississippi*, 297 U. S. 278, the defendant was brutally treated and tortured into making a confession. That the evidence established that it was procured by coercion was not questioned. From the very inception of that case beginning with the arrest of the defendant, until he was convicted and sentenced to death, every constitutional right was denied to him. The court held that the due process clause of the constitution requires, "that state action, whether through one agency or another, shall be consistent with the fundamental principles of liberty and justice which lie at the base of all our civil and political institutions." The court, in passing upon the question, said, "complaint is not of the commission of mere error, but of a wrong so fundamental that it made the whole proceeding a mere pretense of a trial and rendered the conviction and sentence wholly void." *White* v. *Texas*, 309 U. S. 227, is to the same effect.

Merely because the plaintiff in error in this case was not content with the court's ruling on the admissibility of his confession does not raise the question of due process of law and does not give this court jurisdiction to directly review the same.

The cause is transferred to the Appellate Court, First District.