SANDERS, Justice.
This suit involves the legality of an assessment for paving levied against the defendant, Chicago, Rock Island and Pacific Railroad Company, by the City of Alexandria under Ordinance No. 675 on a parcel of real estate allegedly abutting Broadway Avenue. Plaintiff seeks recognition of its lien and privilege on the property of defendant for the non-payment of the paving assessment in the amount of $38,530.85 with interest and attorney’s fees. From a judgment in rem in favor of the plaintiff, the defendant has appealed.
This suit is resisted by the defendant upon threefold, but alternative, grounds:
(1) The property of the defendant does not abut the “street” so as to be subject to the paving assessment imposed by the ordinance under the aegis of LSA-R.S. 33 :- 3301-33:3319.
(2) The defendant was contractually relieved of any liability for the paving by virtue of a servitude agreement dated December 1, 1950, between the defendant and the Rapides Parish Police Jury; and that the City of Alexandria succeeded to this obligation by the extension of its municipal limits to embrace the land affected by the servitude.
(3) The paving assessment is arbitrary, . discriminatory, and confiscatory under the circumstances of this case to such an ex *1030 tent as to render the assessment unconstitutional and invalid.
 It is the contention of defendant that because there is a strip of land U/z to 2 feet in width between the edge of the pavement on Broadway Avenue and the property of defendant, the property does not abut the street. This is particularly true, it is asserted, because the intervening strip was not dedicated to public use at the time of the paving, but was owned by the Louisiana & Arkansas Railway Company.
Evidence in the record clearly establishes the fact that for a period in excess of three years prior to the paving, Broadway Avenue was maintained and graded by the municipality for the full width of 85 feet. The maintenance embraced the entire property of the Louisiana & Arkansas Railway Company, including the strip in question, which adjoins the property of the defendant.
Under the provisions of LSA-R.-S. 48:491, all streets which are maintained or worked for a period of three years by a municipal government within its corporate boundaries become public streets. This principle of implied dedication has many times been recognized by this Court. Frierson v. Police Jury of Caddo Parish, 160 La. 957, 107 So. 709; Ford v. City of Shreveport, 204 La. 618, 16 So.2d 127; Porter v. Huckabay, 221 La. 120, 58 So.2d 731; B. F. Trappey’s Sons, Inc. v. City of New Iberia, 225 La. 466, 73 So.2d 423; Wharton v. City of Alexandria, 226 La. 675, 77 So.2d 1; Wyatt v. Hagler, 238 La. 234, 114 So.2d 876.
Under the law, therefore, Broadway Avenue, including the strip of land in question, was a public street by tacit dedication at the time it was paved in 1958.
Although the word abutting means adjoining, it is well established that it is not necessary that the actual pavement touch the line of the owner’s property in order for it to be abutting. City of Shreveport v. Selber, La.App., 21 So.2d 738; Town of DeQuiricy v. Wood, 210 La. 504, 27 So.2d 314, 316, 166 A.L.R. 1075. In the first cited case, the word “street” was defined to mean the entire width of the public way, including the unpaved portion thereof. In the latter case, this Court held that “abutting the street” as used in the statute (Act 92 of 1934, now LSA-R.S. 33:3301-33:3306) means abutting the right-of-way of the street and not the pavement where the pavement does not extend to the edge of the street.
Other Louisiana cases holding that an unimproved area of a street separating the pavement or street improvement from the property adjacent to the street, does not render such property nonassessable are: Rosetta Gravel etc. Co. v. Bisso, 1 Orleans App. 91; City of Monroe v. Allen, 171 La. 815, 132 So. 355. For a general collection *1032 of cases supporting this principle, see 166 A.L.R. 1083.
We are apprised of the case of Jacob v. New Iberia, 163 La. 416, 112 So. 30. This case is distinguishable (and it was so distinguished in DeQuincy v. Wood, supra) on the ground that the intervening triangular parcel of ground described as a “park or plaza” was not a portion of the street which had been improved. The Court found that this park or plaza deprived the major portion of the adjoining property of frontage on the street. It, thereby, made ingress and egress more difficult rather than benefiting the property.
Therefore, we conclude that the defendant’s property abutted Broadway Avenue so as to be subj ect to the paving assessment.
There is no merit in the contention of the defendant that it is not liable for the assessment under the terms of the agreement of December 1, 1950, with the Rapides Parish Police Jury. The fallacy of this argument lies in the fact that the street is not located on the property of the defendant; thus, assuming arguendo that the City is bound by the agreement, the contractual provisions exempting defendant from assessment are inoperative.
In the alternative, defendant contends that the assessment is arbitrary, discriminatory, and confiscatory under the circumstances of this case so as to make the assessment unconstitutional. It is alleged by defendant:
“ * * * that the value of its said property is far exceeded by the amount of the liens claimed by the city, as to each front foot thereof and as to the total property against which plaintiff claims a lien in this suit; that defendant has not derived and never will derive any benefit from said paving and the invocation of the provisions of said R.S. 33:3301-3319 and said Ordinance No. 675 and other ordinances of the City of Alexandria * * * are repugnant to and in violation of Amendments 14 and 5 to the Constitution of the United States and of Article 1, Section 2 of the Constitution of the State of Louisiana adopted in the year 1921 for the reason that they will result in taking complainant’s property without due process of law and plaintiff will be denied the equal protection of the laws * * * [and will be victimized by the appropriation of] its property for public use without just compensation, and complainant especially pleads and invokes the protection of said constitutional provisions of the United States and of the State of Louisiana, but only to the extent of their application to this defendant as sought herein by this, plaintiff.”
The record discloses that the property of the' defendant is assessed in the sum of *1034 $38,530.85. The value of the property is $78,500, exclusive of a 20 foot strip for defendant’s tracks. The strip of land between the center of defendant’s track and the edge of the pavement on Broadway Avenue is 75 feet in width, and the strip of land between the center of defendant’s tracks and New York Street, which borders defendant’s property on the east, is 50 feet in width. Experts testified that the defendant’s property between Broadway Avenue and the railroad track is an excellent site for warehouses and other business establishments. The contention that the amount of the liens exceeded the value of the property is not supported by the evidence. Moreover, it has been held by both the courts of this state and of the United States that this does not violate due process. Donaldson’s Heirs v. City of New Orleans, 166 La. 1059, 118 So. 134; Palmer v. Mayor and Board of Aldermen of Town of Ponchatoula, 195 La. 997, 197 So. 697, and the authorities cited therein.
In the Palmer case, the Court quoted with approval from Donaldson’s Heirs v. City of New Orleans, supra [195 La. 997, 197 So. 701]:
“ ‘Accordingly, the point was soon made before [the] Supreme Court of the United States that no assessment for the cost of local public improvements could be made according to valuation, or superficial area, or frontage, because * * * in such cases the abutting property would then have to bear the whole cost even if such cost equals the full or actual market value of the land.
“ ‘But in a series of nine cases the majority of the Supreme Court held that the apportionment of the entire cost of street pavement upon the abutting lots according to their frontage and without inquiry as to benefits will not constitute a taking of private property without due process of law. (Citing authorities)
“ ‘And that rule has been followed by this court ever since as being the settled jurisprudence of this state and of the Supreme Court of the United States.’ ” (Citing authorities.) '
It is well settled that laws authorizing the assessment of benefits according to the front foot rule are not in violation of either the Federal or State Constitutions. French v. Barber Asphalt Co., 181 U.S. 324, 21 S.Ct. 625, 45 L.Ed. 879; State ex rel. Ideal Savings & Homestead Ass’n v. City of New Orleans, 186 La. 705, 173 So. 179; Donaldson’s Heirs v. City of New Orleans, supra; Hagmann v. City of New Orleans, 190 La. 796, 182 So. 753. An "assessment according to the front foot rule does not constitute the taking of property without due *1036 process of law. New Orleans & Northeastern R. R. Co. v. City of New Orleans, 169 La. 1103, 126 So. 673; Hagmann v. City of New Orleans, supra, Palmer v. Mayor and Board of Aldermen of Town of Ponchatoula, supra.
Counsel for defendant urges in brief filed in this Court “that an assessment is arbitrary and unreasonably discriminatory where (1) the total amount thereof is nearly one-half the total value of the property— even as determined by the City’s own witnesses-; (2) the property charged cannot conceivably be benefited by the improvement; (3) contrariwise, the property owner is, in fact, severely handicapped by the improvement; (4) the improvement aids the property owner’s competitors; and (5) the other property owners, who are vastly benefited by the improvement, pay only one-half as much per acre as the protesting property owner here.”
We have concluded that there is no merit in these contentions. The defendant was assessed at the same rate as the other abutting property owners under the front foot rule. The utility of the property is not destroyed, nor is it handicapped by the improvement.
We said in City of Shreveport v. Shreveport Traction Co., 134 La. 568, 64 So. 414, 415:
“The question of the right of an abutting proprietor to contest a local
assessment for paving on the ground of inequality or lack of benefit to the property has been settled adversely to the contention of the present defendant by the decision in Kelly v. Chadwick, 104 La. 719, 29 South. 295 (affirmed by the Supreme Court of the United States in 187 U.S. 540, 23. Sup.Ct. 175, 47 L.Ed. 293), and other decisions of this court and of the Supreme Court of the United States affirming the doctrine there enunciated.”
Defendant relies upon the cases of City of Commerce v. Southern Ry. Co., 5 Cir., 35 F.2d 331, and Carolina & N. W. Ry. Co. v. Town of Clover, 4 Cir., 46 F.2d 395.
Neither of these cases is applicable to the case at bar. In City of Commerce v. Southern Ry. Co., supra, few portions of the assessed property were deep enough for business use, but otherwise a narrow strip of land on each side of the railway’s property was incapable of such use, or of being benefited by the improvement of .the streets on which it fronts. The court correctly held that where a particular assessment is confiscatory, or is out of all proportion to the benefit received by an abutting owner, it violates the requirements of due process and is not saved by the adherence to the front foot rule. However, the court made clear that the assessment against such portions as were of sufficient depth to be substantially benefited was valid.
*1038 In Carolina & N. W. Ry. Co. v. Town of Clover, supra, the court held that the assessment of a narrow right-of-way, with an average width of 24 feet, violated the due process clause because of its dimensions, location, and the lack of substantial benefit. The court held that this portion could not be assessed in the same manner as other property having adequate depth.
We are constrained to hold that the paving assessment herein is valid and constitutional as to the defendant.
For the reasons assigned, the judgment of the district court is affirmed at the cost of the defendant, Chicago, Rock Island and Pacific Railroad Company.