GRAND TRUNK WESTERN RAILROAD COMPANY
*v.* CITY OF MUSKEGON.

1. Municipal Corporations — Local Improvements — Special Assessments—Railroads.

The general property tax law and charter of the city of Muskegon clearly and unambiguously authorize the imposition of special assessments upon property of railroad corporations, for local improvements within the city, although such property would otherwise not be subject to taxation since railroad companies pay specific taxes (CL 1948, § 7.7, as amended by PA 1961, No 238; Muskegon city charter, chap 13, § 28).

2. Same—Local Improvements—Special Assessments—Railroad Easements.

The mere fact that a railroad may have only an easement for right-of-way on land sought to be specially assessed for a local improvement is not a ground for denying the right to levy a special assessment against the railroad.

3. Same—Pavement of Street—Adjoining Right-of-Way for Railroad—Special Assessment—Present Use.

Fact that present use of property as an easement by railroad company may result in no present benefit to the company from local improvement by way of pavement on street along right-of-way would not void a special assessment for such purpose since the benefit of a public improvement is presumed to inure to the property itself irrespective of its present use.

4. Same — Special Assessment — Pavement — Railroad Right-of-Way.

Judgment for defendant city in railroad's action to enjoin collection of, and to declare void, special assessment for pavement of street along railroad right-of-way is affirmed, where proceedings were regular, and the assessment is not void as a fraud

---

References for Points in Headnotes

[1] 48 Am Jur, Special or Local Assessments §§ 103, 112, 113.
[2] 48 Am Jur, Special or Local Assessments § 104.
[3, 4] 48 Am Jur, Special or Local Assessments § 105 *et seq.*

in law (CL 1948, § 7.7, as amended by PA 1961, No 238; Muskegon city charter, chap 13, § 28).

Appeal from Muskegon; Beers (Henry L.), J. Submitted Division 3 June 14, 1965, at Grand Rapids. (Docket No. 47.)   Decided September 20, 1965.

Complaint by Grand Trunk Western Railroad Company, a Michigan corporation, against the City of Muskegon, a municipal corporation, and J. R. Baker, treasurer of the City of Muskegon, to enjoin collection of a special assessment and to declare the special assessment void.   Judgment for defendants.   Plaintiff appeals.   Affirmed.

*Forbes B. Henderson* and *James F. Schouman,* for plaintiff.

*Poppen, Street & Sorensen* (*Harold M. Street,* of counsel), for defendants.

Fitzgerald, P. J.   Plaintiff seeks to set aside a judgment of no cause of action entered in Muskegon county circuit court, when it challenged a paving assessment made against it.

In essence, the circuit court judgment requires that the railroad pay a special tax assessment levied against it for the paving of East Laketon avenue in the city of Muskegon in the amount of $5,330.80.

Appellant railroad operates a line of track over a 66-foot right-of-way which extends along Laketon avenue.   The property paved is a 60-foot street right-of-way immediately adjacent to the northerly edge of the railroad's right-of-way.

The total assessment was $10,381.79 and the railroad's assessed share, the previously referred-to figure.

The main contention of the railroad is that it receives no benefit from the assessment and the con-

sequent paving, and as a result the assessment is void as a fraud in law.

Authority for the assessment was predicated on two enactments; first, the general property tax law, CL 1948, § 211.7, as amended by PA 1961, No 238 (CLS 1961, § 211.7, Stat Ann 1961 Cum Supp § 7.7), the pertinent portion of which reads:

"The following property shall be exempt from taxation: * * *

"Eighth, The real property of corporations exempt under the laws of this State, by reason of paying specific taxes in lieu of all other taxes for the support of the State. Tracks, right of way, depot grounds and buildings, machine shops, rolling stock, and all other property necessarily used in operating any railroad in this State belonging to any railroad company, shall henceforth remain exempt from taxation for any purpose, *except that the same shall be subject to special assessments for local improvements in cities and villages,* and all lands owned or claimed by any such railroad company not adjoining the tracks of such company, shall be subject to all taxes." (Emphasis supplied.)

Second authority is the charter of the city of Muskegon, chap 13, § 28, of which contains the following provision:

"The lands and premises of railroad corporations within the city of Muskegon, *regardless of the use which may be made thereof, shall be subject to special assessments* as in this chapter provided, the same as the lands and premises of other individuals or corporations, and the owners or lessees in control thereof shall be liable for the payment of such special assessments the same as are the owners of other lands." (Emphasis supplied.)

It would appear that these enactments, by both the legislature of the State of Michigan and by the city of Muskegon are clear and unambiguous and

are not offended by the imposition of this assessment.

We choose to cut through the plethora of conflicting cases supplied by both sides and view with favor the following statement from 63 CJS, Municipal Corporations, § 1334b, p 1071:

"While it has been held in some jurisdictions that railroad rights-of-way or tracks are not subject to assessment for local improvements, in many jurisdictions such property has been held subject to an assessment of benefits arising from a public improvement where the statutes or charters have been considered sufficient to impose liability to special assessments on this class of property, and such provisions have been held not in violation of the organic law of either State or Federal government. Such property is liable to assessment for local improvements where it is expressly so provided by statute or charter, but there is a conflict of authority as to whether the track and right-of-way are subject to assessment under the language of statutes couched in general terms."

We do not believe that the statutory and charter authorizations before us fall short in any respect. Indeed, their mandate is clear that the assessment was properly made. Michigan accordingly falls within the majority rule cited above.

One recent Michigan case is an exhaustive 35-page treatise on this whole subject, that case being *New York C. R. Co.* v. *City of Detroit* (1958), 354 Mich 637. An equally divided court in that case, perhaps illustrating the divergence of views that exist in this whole area, affirmed the trial court holding in favor of the city in a special assessment case.

On the contention of plaintiff that it held only an easement in the land, we agree with the trial judge where he stated in his opinion:

"The plaintiff claims as one of the reasons for avoiding this assessment, that it merely has an ease-

ment in the land in question. Its deed of right-of-way provides the land may be used for the purpose of constructing and maintaining a railroad only. Upon this subject, in 48 Am Jur [Special or Local Assessments, § 110], at page 659, it is said, 'Although there is contrary authority, in a majority of the jurisdictions in which the courts have considered the question, the conclusion has been that the fact that a railroad right-of-way is merely by easement is not a ground for denying the right to levy a special assessment upon it.' "

The trial court, in its opinion, found that while no benefit presently accrues to the railroad company, that benefit may very well come to the company in the future. That court cited with approval, and we adopt its views, the exposition in 48 Am Jur, Special or Local Assessments, § 23, p 583, stating:

"In determining whether an improvement does or does not benefit property within the assessment district, the land should be considered simply in its general relations and apart from its particular use at the time; and an assessment, otherwise legal, is not void because the lot is not benefited by the improvement, owing to its present particular use. The benefit is presumed to inure not to the present use, but to the property itself. Thus, it has been decided that the fact that the property is occupied by a railroad track, or that it is used for a cemetery, or for purposes of religious worship, or is set apart to charitable or educational purposes, will not exempt it from assessment unless the statute so provides."

A careful review of the entire record leads us to the conclusion that the proceedings were regular, that it is not void as a fraud in law, and the assessment properly upheld.

Judgment affirmed. Costs to appellees.

HOLBROOK and MCGREGOR, JJ., concurred.