HOOD, Judge.
This is an action for a declaratory judgment annulling a paving assessment insofar as it purports to affect a tract of land occupied by plaintiff as a right of way for a railroad.
The suit was instituted by The Kansas City Southern Railroad Company against *564 the City of DeRidder. The property affected by the special assessment is a strip of land on which a part of the main line of defendant’s railroad is located, running along the west side of Jefferson Street in DeRidder. The ordinance levying the special assessment asserts that this property has a frontage of 390.7 feet on that street. Judgment was rendered by the trial court decreeing the assessment to be valid as to' 231.9 feet of the railroad property, but decreeing it to be null and void as to the remaining 158.8 feet of that property. Defendant has appealed from that part of the judgment which decrees a portion of the assessment to be invalid. Plaintiff has answered the appeal, demanding that the entire assessment be annulled.
Pursuant to the provisions of LSA-R.S. 33:3306, an ordinance was adopted by the City of DeRidder on August 8, 1966, levying special assessments against a number of items of real property to pay the costs of paving several streets in that city. One of the streets included in the paving project was Jefferson Street, and among the special assessments levied for the paving of that street was one affecting a strip of land on the west side of that street which was listed as being owned by plaintiff railroad company. This special assessment was described in the ordinance as follows:
THE KANSAS CITY SOUTHERN RAILWAY COMPANY
Acquired in COB 57 page 355 A part of the Southeast Quarter of Northeast Quarter (SE 14 of NE ¡4) of Section Thirty-three (33), Township Two (2) South, Range Nine (9) West, fronting 403.5 feet on Jefferson Street less Highway Turnout of 3.0 feet on North end and 9.8 feet on south end.
Fronting 390.7 feet. $1953.50
Plaintiff does not attack the validity or regularity of the proceedings of the City of DeRidder in levying these assessments, but it challenges the validity of this particular assessment on the grounds: (1) That the railroad right of way sought to be assessed is not “real property” within the meaning of LSA-R.S. 33:3301 et seq.; (2) that the property affected by the special assessment will not be benefitted by the improvements; and (3) that the railroad property does not abut the street which is to be improved.
The trial judge concluded that the property sought to be assessed was “real property” within the meaning of LSA-R.S. 33:3301 et seq., and that it would be bene-fitted by the improvement. He found, however, that only 231.9 feet of the railroad property abutted the street, and he held that the assessment was valid insofar as it related to that portion of the property. Finding that the remaining 158.8 feet of the property did not abut the street, he held that the assessment was void as to that part of the property.
Jefferson Street runs north and south, and defendant proposes to pave that portion of the street which extends a distance of 390.7 feet, from Mahlon Street on the north to East First Street on the south. The main line of the Kansas City Southern Railroad runs parallel to and along the west side of the right of way of Jefferson Street.
Plaintiff contends primarily that it is not the fee owner of the property, that it owns only a servitude or easement for railroad purposes on the land, that the servitude which it owns is not “real property” within the meaning of LSA-R.S. 33 :3301 et seq., and that the defendant city thus cannot levy a special assessment for street improvement purposes against that right of way. Defendant contends that plaintiff is the fee owner of the property.
At the trial evidence was introduced to show the nature of plaintiff’s title to this property. The evidence so produced included an abstract of title to the land. Plaintiff argues that the evidence establishes that it owns only a servitude or casement for railroad purposes, while defend *565 ant argues that the evidence shows that plaintiff has fee title to the property.
We have decided that for the purposes of this suit it is immaterial whether plaintiff owns a servitude on or fee title to the railroad property which abuts Jefferson Street on the west, and that it thus is unnecessary for us to determine the exact nature of its title. In our opinion the City of DeRidder may levy a special assessment against the railroad property which abuts the street to be improved, even if we assume that plaintiff is correct in its contention that it owns only a servitude for railroad purposes on that property.
LSA-R.S. 33:3301 and 33:3306 authorize municipalities to pave or resurface streets and to levy local or special assessments on the “real property” abutting the improvements, and on “each lot or parcel of real estate abutting the street.” We find no provision of law which specifically authorizes the levying of a special assessment against a railroad right of way for street improvement purposes, but neither do we find any law which exempts railroads from any such assessment or which prohibits a municipality from levying a special assessment for street paving purposes against a railroad right of way abutting the street which is to be improved.
Plaintiff points out that La.Const. Art. XIII, Section 3, provides that “all railroads are hereby declared public highways,” and it argues that since the railroad is a public highway it is exempt from taxation. We find no merit to this argument. The assessment of railway businesses for general taxation purposes is authorized by LSA-R.S. 47:1979. Also, a special assessment against railroad property for street paving purposes was specifically upheld by our Supreme Court in City of Alexandria v. Chicago, Rock Island & Pac. R. Co., 240 La. 1025, 126 So.2d 351, 97 A.L.R.2d 1073 (1961).
The issue of whether a municipality may levy a special assessment for street improvement purposes against a railroad right of way which abuts the street, where the railroad owns only a servitude or easement on the land, appears to be res nova in Louisiana. The jurisprudence in other states on similar issues is conflicting, but the weight of authority seems to be that a municipality may levy a special or local assessment against railroad property to pay the costs of improving a street which abuts the railroad property, even though the railroad owns only a servitude or an easement on the property for railroad purposes. The reason for this, we assume, is that a servitude for railroad purposes is usually of such long duration and is of such a nature that in practical effect it is equivalent to the fee ownership of the property. The fee owner in such instances ordinarily has no use of the property, and he would not be benefitted by the improvement of an abutting street, whereas the railroad may be benefitted by the improvement.
The majority rule is set forth in 48 Am. Jur., Special or Local Assessments, Sec. 110, as follows:
“Although there is contrary authority, in a majority of the jurisdictions in which the courts have considered the question, the conclusion has been that the fact that a railroad right-of-way is held merely by easement is not a ground for denying the right to levy a special assessment upon it. At least, this rule is to be applied where the special benefit of the improvement inures to the railroad and not the owner of the reversionary interest. In support of this view, the improbability of abandonment and the probability of perpetual use of a particular railroad right-of-way have been observed. Furthermore, it has been said that abutting property cannot be relieved from the burden of a street assessment simply because its owner has seen fit to devote it to a use which may not be specifically benefited by the local improvement. The benefit is presumed to inure not to such present use, but to the property itself, affecting its value. In ac *566 cordance with the general rule, it has been held that the mere fact that a railroad does not own its right-of-way in fee does not exempt it from assessment for an improvement constructed under a statute authorizing the cost of such improvements to be assessed on the property benefited, including that of railroads, if the railroad is in fact benefited by the improvement.” (Emphasis added.)
In 63 C.J.S. Municipal Corporations § 1334, the rule is stated in the following language:
“Although there is some authority to the contrary, as a general rule, unless expressly exempted by legislation or by organic law, property of railroads may by appropriate legislation be made liable to special assessments for local improvements. Such an assessment has been held valid notwithstanding the failure of the statute expressly to authorize the assessment of railroad property. * * *
“Whether the company owns the land in fee or holds merely an easement therein has been held not material in determining its liability to assessment, although there is also authority to the contrary. It has also been held that the fact that a railroad right of way would in the event that the use as a railroad was abandoned revert to the grantor does not prevent the assessment thereof for a local improvement.”
The Supreme Court of Nebraska, in Chicago & N. W. Ry. Co. v. City of Omaha, 154 Neb. 442, 48 N.E.2d 409 (1951), quoted with approval from 4 Dillon, Municipal Corporations (5th Ed.) Section 1451, p. 2586, as follows:
“According to the view very generally held, land occupied and used by railroad companies for roadbeds, depots, freight houses, and other corporate purposes, whether the company be owner of the fee or has only an easement or qualified right therein, is to be regarded as real estate, which may be subjected by the legislature to special assessment for the opening, paving, and grading of streets and for other local improvements in the same manner as the real property of private individuals.”
And, in 37 A.L.R., Anno.: Local Improvements — Right of Way, p. 221, it is stated:
“The great weight of authority is to the effect that a railroad right of way, whether owned in fee or held by easement, is liable for special assessments for local improvements, if it can be said to be benefited by the improvements.”
Many cases are cited at 37 A.L.R. 221 as supporting the above quoted majority rule. Another statement of this prevailing rule appears at 82 A.L.R., Anno.: Railroads— Assessment for Improvements, p. 426, and it also is followed by the citation of numerous authorities as supporting it. No useful purpose would be served by repeating those citations' here. We note, however, that in addition to the authorities which have been cited in this opinion we also consider as being applicable to the issues presented in this suit 'the cases of Appeal of Chicago & North Western Ry. Co., 70 Wyo. 84, 246 P.2d 789, 247 P.2d 660 (1952); Grand Trunk West. R. Co. v. City of Muskegon, 1 Mich.App. 489, 136 N.W.2d 725 (1965); Johnson City v. Carolina, C. & O. Ry. Co., 163 Tenn. 283, 43 S.W.2d 215 (1931); In re Southern Ry. Co. Paving Assessment, 196 N.C. 756, 147 S.E. 301 (1929); St. Louis-San Francisco Ry. Co. v. City of Tulsa, 170 Okl. 398, 41 P.2d 116 (1935); Baltimore & O. R. Co. v. Village of Oak Hill, 25 Ohio App. 301, 157 N.E. 817 (1927); City of Springfield v. Gillespie, 335 Ill. 388, 167 N.E. 61 (1929); Town of Clayton v. Colorado & S. Ry. Co., 51 F.2d 977, 82 A.L.R. 417 (10th Cir.1931); Choctaw, O. & G. R. Co. v. Mackey, 256 U.S. 531, 41 S.Ct. 582, 65 L.Ed. 1076 (1921).
In our opinion the majority rule should be applied in this state. We hold, therefore, that a railroad right of way, *567 whether owned in fee or held by servitude or easement, is liable for special assessments levied against that right of way for street improvements, if the right of way can be said to be benefitted by the improvements.
In the instant suit, that portion of plaintiff’s property which abuts Jefferson Street must be considered as being “real property” or as being a “lot or parcel of real estate abutting the street,” within the meaning of LSA-R.S. 33:3301 and 33:3306, even though plaintiff may own only a servitude or easement for railroad purposes on that property. We agree with the trial judge that the defendant City of DeRidder may levy a special assessment against that part of plaintiff’s railroad right of way which abuts Jefferson Street to assist in defraying the cost of paving that ^:reet, if can be said that the right of way will be benefitted by the proposed improvement.
Plaintiff argues alternatively that its railroad right of way will not be benefitted by the proposed improvement, and that the special assessment levied against the right of way thus is invalid.
 It is settled that laws authorizing the assessment of benefits according to the front foot rule are not in violation of either the Federal or State constitutions, and that an assessment according to the front foot rule does not constitute the taking of property without due process of law. French v. Barber Asphalt Paving Company, 181 U.S. 324, 21 S.Ct. 625, 45 L.Ed. 879 (1901); City of Alexandria v. Chicago, Rock Island & Pac. R. Co., 240 La. 1025, 126 So.2d 351, 97 A.L.R.2d 1073 (1961). But, where a particular assessment is confiscatory, or is out of all proportion to the benefit received by an abutting property owner, it violates the due process clause of the Fourteenth Amendment, and it is not saved by adherence to the front foot rule. Carolina & N. W. Ry. Co. v. Town of Clover, 4th Cir., 46 F.2d 395 (1931); City of Commerce v. Southern Ry. Co., 5th Cir., 35 F.2d 331 (1929).
In the instant suit the railroad right of way which runs along the west side of Jefferson Street is 100 feet wide. The main track of the railroad runs along the center of this right of way. For many years the east portion of the right of way between the railroad track and Jefferson Street has been used by the public as an area in which to park automobiles. The record shows that a few years ago plaintiff allowed a portion of the right of way on the west side of the main railroad track to be covered with fill dirt and to be used as a public parking lot. Also some commercial buildings are located on the right of way about 20 feet west of the tracks and north of Mahlon Street, • which buildings are occupied as the business establishment of Caldwell Building & Supply Company.
A real estate expert testified that the railroad right of way on which the special assessment has been levied by defendant has a value of in excess of $1953.50, that being the amount of the assessment, and that the right of way is suitable for use for purposes other than as for a roadbed for tracks. In his opinion the highest and best secondary use of the right of way property would be as a commercial parking lot, and he testified that there is a need for additional parking lots in that part of the City of DeRidder. The eastern portion of the right of way is presently being used for public parking, and we think that fact supports the views expressed by the real estate expert. There is no question but that the paving of Jefferson Street would benefit the railroad right of way if any part of it should be used as a commercial parking lot. The trial judge held that the railroad property may be benefitted by “gains from increased traffic reasonably expected to result from the improvement,” and we cannot say that he erred in that holding even if the east side of the rail *568 road right of way should not be converted to a commercial venture.
An issue similar to that being considered here was presented in City of Alexandria v. Chicago, Rock Island & Pac. R. Co., supra. There, the railroad contended that its abutting right of way not only was not benefitted but that it was actually handicapped by the improvement. Our Supreme Court rejected that argument, assigning as reasons therefor that, “The defendant was assessed at the same rate as other abutting property owners under the front foot rule. The utility of the property is not destroyed, nor is it handicapped by the improvement.”
In Carolina & N. W. Ry. Co. v. Town of Clover, supra, the Court of Appeals, Fourth Circuit, held that in determining whether the abutting railroad property will be benefitted, “it is no objection to an assessment that the land assessed is used for railroad purposes, and, while so used, is not benefited by the improvement; for the property must be viewed in the light of its general relations and apart from the particular use to which it is being put at the time.” And, the Supreme Court has held that “To justify an assessment of benefits to particular lands it is not essential that the benefits be direct or immediate. * * But it is essential that they have a better basis than mere speculation or conjecture. * * * In the case of railway property they may consist of gains from increased traffic reasonably expected to result from the improvement.” Kansas City Southern Ry. Co. v. Road Imp. Dist. No. 3, 266 U.S. 379, 45 S.Ct. 136, 69 L.Ed. 335 (1924). See also Louisville & N. R. Co. v. Barber Asphalt Pav. Co., 197 U.S. 430, 25 S.Ct. 466, 49 L.Ed. 819 (1905); and Branson v. Bush, 251 U.S. 182, 40 S.Ct. 113, 64 L.Ed. 215.
We conclude in the instant suit that there is no merit to plaintiff’s argument that the special assessment is void because the railroad right of way will not be bene-fitted by the improvement. In our opinion, the special assessment levied by defendant against plaintiff’s property is not confiscatory, and it is not out of all proportion to the benefit which it will receive from the improvement.
Plaintiff contends finally that a portion of its property does not abut Jefferson Street and that the special assessment is invalid insofar as it purports to affect that portion of the right of way which does not abut the street.
The evidence shows that that part of Jefferson Street which extends from Mah-lon Street southward a distance of 231.9 feet has been formally dedicated for public use as a street, the right of way of that street being 55 feet wide. Throughout that distance of 231.9 feet the west line of Jefferson Street is contiguous with the east line of the railroad right of way. The remaining part of Jefferson Street, continuing southward a distance of 158.8 feet to East First Street, has never been formally dedicated for public use. The City of DeRidder, however, has maintained a hard surfaced public street, about 29.4 feet wide, over that entire distance of 158.8 feet, and all parties concede that the city has acquired a right of way by tacit dedication of that portion of the street which has been maintained. The west line of the hard surfaced portion of the street, however, is not contiguous with the east line of the railroad right of way, there being a strip of land ten or eleven feet wide and 158.8 feet long between the east line of plaintiff’s right of way and the west line of the hard surfaced part of the street.
Plaintiff contends that since its railroad right of way does not abut Jefferson Street for a distance of 158.8 feet, the special assessment is invalid at least insofar as it purports to affect that portion of the railroad property. Defendant, on the other hand, contends that it has kept up, maintained or worked this ten or eleven foot strip of land for more than three years, that it thus has acquired this strip as a part of Jefferson Street by tacit dedication *569 under LSA-R.S. 48:491, and that the railroad right of way thus does abut the street which is to be improved.
The evidence shows that for many years automobiles have parked on this strip of land. A taxicab company also regularly parks some of its cabs on this strip between Jefferson Street and the railroad company right of way. The city occasionally polices the area by picking up trash i. and litter on that strip, but the record does not show that the City of DeRidder has ever placed any gravel, shell or dirt on this strip of land, and it has never graded or done any work on it whatsoever other than pick up trash and litter from it occasionally. The evidence also shows that the defendant city has also picked up trash and litter along the railroad property and at times it has removed trash and litter from privately owned property.
The ownership of this ten or eleven foot strip of land has been claimed consistently by Mrs. Rosa Marsalise, who testified at the trial that she not only has claimed the ownership of this strip but that she has appeared before the governing body of the defendant city with the request that the city prevent further parking on that property.
The trial judge concluded that the defendant did not carry the burden of proving that it has “kept up, maintained or worked” this ten or eleven foot strip of land for three years, and that that strip of land thus has not become a part of the public road or street under the provisions of LSA-R.S. 48:491. We have reviewed the evidence and we concur in the findings of the trial court. See Bordelon v. Heard, 33 So.2d 88 (La.App. 1st Cir.1947); and Town of Eunice v. Childs, 205 So.2d 897 (La.App. 3d Cir.1968).
Since we have concluded that 158.8 feet of plaintiff’s property did not abut Jefferson Street, it necessarily follows that that portion of the special assessment which purports to affect that frontage of 158.8 feet is invalid. The trial court correctly determined that the special assessment was null and void insofar as it purported to affect 158.8 feet of plaintiff’s property.
We think the trial court correctly decreed (1) that the special assessment levied by the City of DeRidder against the railroad property is valid and legal insofar as it affects the north 231.9 feet of the assessment, but that it is invalid insofar as it affects the south 158.8 feet of that assessment; (2) that the assessment must be cancelled by the Clerk of Court of Beauregard Parish insofar as it purports to affect the south 158.8 feet of plaintiff’s property; and (3) that the proportion of the assessment previously paid under protest by plaintiff be apportioned in accordance with the terms of this decree, and that the part related to the 158.8 feet be excluded from the assessment and refunded to plaintiff.
The trial court also apportioned the court costs between the parties, 60 percent of the costs being assessed to the plaintiff and 40 percent of them to defendant. The defendant correctly points out, however, that under the provisions of LSA-R.S. 13:4521 the city is not required to pay court costs, except stenographer’s fees for taking testimony. We think the division of costs, as ordered by the trial court, is fair, but we will amend the decree to provide that defendant is condemned to pay 40 percent of all costs incurred, except those costs from which it is specifically exempted by law from paying. As thus amended the judgment appealed from is affirmed.
Amended and affirmed.