GULOTTA, Judge.
This is a suit for a declaratory judgment in which plaintiff seeks exemption from paying charges and assessments on ground owned by it and leased to the City of New Orleans in January, 1931, for a period of 99 years. The expiration date is the year 2030.
The facts are not disputed.
On April 10, 1969, the Council of the City of New Orleans adopted an Ordinance providing for the preparation of plans and specifications and the advertising for bids for the paving of certain streets in the City of New Orleans. Included among these was that portion of Alvar Street (lower roadway) from Industry Street to Almonaster Avenue. The assessment in question is a paving charge for paving Al-var Street. The City is seeking to assess *427 the charges against the plaintiff, owner of 669 feet of ground adjacent to and abutting Alvar and under lease to the City.
Under the terms of the lease, the property is to be used by the City “for street purposes and for other public purposes.”
The trial judge concluded the paving charges are the responsibility of the lessor and dismissed plaintiff’s suit. Plaintiff appeals.
In seeking reversal, plaintiff has a twofold argument. The first is that as a result of the lease plaintiff has been virtually divested of ownership of that portion of the property to be assessed and, therefore, will not enjoy the use or fruits of the property for a reasonable time. According to plaintiff, the lease will outlive the life of the improvement; therefore, the assessment should not be levied against it.[1] The second is that even if its interest in the property could be assessed, the City, as lessee, should be responsible for the assessment because the property was leased “for street purposes and for other public purpose.” Plaintiff claims since this charge is a paving one for street improvement, the City is responsible for the payment of the assessment and it, plaintiff, is exempt.
The City, on the other hand, contends plaintiff failed to carry its burden of showing that it derives no benefit from the paving.[2] Further, the City claims that where the lease is silent regarding who should absorb such charges, as in the instant case, the lessor is responsible. We agree with the City’s position. Accordingly, we affirm.
It is well established in our law that the lessor is responsible for paving charges bearing against the property where there is no agreement in the lease to the contrary and where the lessor fails to show he will derive no benefit when the property in question abuts the improved area; as in this case, Alvar Street. See LSA-C.C. art. 2702 [3] and Kansas City Southern Railroad Co. v. City of DeRidder, 206 So.2d 562 (La.App.3rd Cir. 1968).
Plaintiff has no argument with the above statutory or jurisprudential pronouncements. However, it is its contention because the property is leased to the City “for street purposes and for other public purposes” and because this is a charge for street paving, the lessor should be exempt. We do not agree. The plaintiff’s argument might have some relevance were the charges assessed for paving on the property subject of the lease. Under such a situation, it could reasonably be argued that the paving was an improvement made by the lessee consistent with the use for which the property was leased; and, therefore, the charges for this improvement would be the responsibility of the lessee. See Young v. Coen, 53 So.2d 508 (La.App.2nd Cir. 1951) and cases cited therein.
However, the assessment in the instant case is for paving on Alvar Street abutting the leased property. These are not charges for paving on the leased property.
We reject also plaintiff’s argument that because no benefit is derived by the railroad [since the lease is of such long duration (99 years) and the paving will not extend beyond the life of the lease] it can *428 not be held' responsible for payment of the assessment. Were there a showing by a preponderance of the evidence that no benefit could be realized by the railroad, plaintiff’s position might be meritorious following the reasoning in the Kansas City Southern case, supra. In that case, a real estate expert was called to testify as to benefits which might accrue from the paving. He testified first as to the value of the land in question. He further testified that the area was suitable for purposes other than that for which it had been leased, and in effect the paving would benefit the railroad right of way if any part of it was used for a commercial parking lot. However, no such evidence was offered by the plaintiff in the instant case. This matter was submitted on documentary evidence and argument. Plaintiff makes the assertion that the improvements will not outlast the duration of the lease. However, no expert testimony or any evidence was introduced to show the normal life of paving of the type used in this case. Were we to conclude that no benefit could be derived by plaintiff because of the long duration of the lease, it would be necessary that judicial cognizance be taken of the life and duration of paving construction. This, we cannot do. State, Department of Highways v. Thurman, 231 So.2d 692 (La.App. 1st.Cir. 1970).
Accordingly, we conclude that plaintiff-lessor is responsible for the paving charges bearing against the property as set forth in LSA-C.C. art. 2702. The judgment is affirmed.
Affirmed.

. In this connection, plaintiff claims that the assessment is prohibited unless the property or assessed party receives some benefit from the improvement. Plaintiff cites the 14th amendment of the United States Constitution and Art. 1, Sec. 2 of the Louisiana Constitution of 1921.

. The City cites Kansas City Southern Railroad Co. v. City of DeRidder, 206 So.2d 562 (La.App.3rd Cir. 1968).

. LSA-C.C. art. 2702 reads as follows:
“The lessor, and not the lessee, unless there be a stipulation to the contrary, must bear all the real charges with which the thing leased is burdened. Thus he has to pay the taxes, rents and other dues imposed upon the thing leased.”