SCHOTT, Judge
(concurring in the result).
The railroad’s case is based upon the presumption that what is being assessed by the city is the land which is under lease to the city “for street purposes and for other public purposes,” but this is not a valid presumption in the first instance and consequently the railroad’s case must fall.
The paving ordinance in question provides for the construction of subsurface improvements and surfacing on a number of streets, including “Alvar St. (lower roadway) from Industry St. to Almonaster Ave.” The ordinance is adopted pursuant to Section 7-102(2) of the Home Rule Charter of the City of New Orleans which provides that: “The council may levy assessments for paving against abutting property . . .”
The strip of land under lease is in the shape of a half cone with the western boundary a straight line, approximately 669 feet long, forming the eastern boundary of the right of way of Alvar Street. The eastern boundary of the strip of land is eliptic and concave to the western boundary and its length is virtually the same as that of the western boundary of the strip. At its widest point the strip is less than 25 feet wide. The lease of this strip to the City was for street purposes “and other public purposes,” but as a practical matter because of its size it cannot be used for anything other than street purposes. The City is therefore in the position of owner in fee simple of the right of way itself and lessee of this narrow strip for the same purposes as it required the right of way in the first instance. Accordingly, it can be said that the practical effect of the ordinance complained of is to assess the railroad as the owner of the property abutting the strip of land and not as the owner of the strip.
Having adopted this view of the facts of the case I conclude that the railroad is in the same posture as was the railroad in Alexandria v. Chicago, R. I. & P. R. Co., 240 La. 1025, 126 So.2d 351, 97 A.L.R.2d 1073, where the City had maintained a public street 85 feet wide in front of railroad property but pursuant to a paving ordinance had left unpaved a strip of the right of way in front of the railroad property from li/2 to 2 feet in width. The railroad contended that its property was no longer abutting the street because it did not actually touch the paved portion, but the Su *429 preme Court. rej ected that argument and held that such an assessment is made against the property abutting the right of way and not necessarily against the property abutting the paved portion of the right of way.
In Town of DeQuincy v. Wood, 210 La. 504, 27 So.2d 314, 166 A.L.R. 1075, the Supreme Court held that the phrase “abutting the street” in a paving ordinance applied to property abutting the right of way and not just that part of the right of way paved.
In the instant case, the City has the right to pave the strip of land it has leased but has elected to leave that unpaved. The railroad is being assessed on a front foot basis for the property it owns along the strip and the City may make the assessment notwithstanding the fact that the paved portion of Alvar Street will be separated from the railroad’s property by what in effect will be an unpaved portion of the Alvar Street right of way.-
Accordingly, I concur with the majority and affirm the judgment of the trial court dismissing the railway’s suit.